UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                           Case No: 22-15158-RAM
                                                 Chapter 11
BELLE MEADE STUDIOS, LLC,

    Debtor.
_____/

BELLE MEADE STUDIOS, LLC,

    Plaintiff,                               Adversary No. 23-01012-RAM

v.

ZIG 76, LLC,

    Defendant.
_____/

## AMENDED COMPLAINT

Debtor, **BELLE MEADE STUDIOS, LLC**. ("Belle Meade"), by and through its undersigned counsel, hereby sues Defendant, ZIG 76, LLC., and states as follows:

### JURISDICTION AND VENUE

1. This is a complaint for damages, interest, costs and attorney's fees on account of the Defendants pre-petition and post-petition breaches of a pre-petition settlement agreement, and conduct surrounding a real estate transfer to the Debtor.

2. This court has jurisdiction in that this case arises under the Bankruptcy Code and concerns property of the debtor, pursuant to 28 U.S.C. §1334.

3. The venue of this action in this district is proper pursuant to 28 U.S.C. § 409.

4. Plaintiff/Debtor is seeking recovery of property of the estate under §541 of the Bankruptcy

Code and is proceeding as authorized by Bankruptcy Rules 7001(1).

5. In addition, the Court's equitable powers, codified in Section 105 of the Bankruptcy Code, permit it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105.

## PARTIES

6. Plaintiff, Belle Meade Studios, LLC, is a Florida limited liability company that is the debtor in possession in this case.

7. Defendant, Zig 76, LLC, is a Florida limited liability company doing business in Miami-Dade County, Florida.

## FACTS

8. The Petition in this case was filed by Debtor on July 1, 2022 (the "Petition Date") [ECF No. 1].

9. In early 2017, Belle Meade and a related company was in need of financing and could not achieve traditional refinancing for three business properties. Belle Meade was approached by a Mike Zikri who claimed to have banks ready to loan him funds at low rates. The plan was to enter into a partnership and refinance the properties, firm up the premises and stabilize the rent rolls.

10. The transaction at Zikri's insistence included a transfer of the real property to Zig 76, LLC for <u>no</u> cash consideration. Zikri formed Zig 76, LLC for the transaction on one of the properties and Zig Miami 651, LLC and Zig Miami 453-455, LLC for two others.

11. The relationship became strained and Zikri brought in other private investors and purported to dilute the interests of Belle Meade.

12. Low interest refinancing did not occur, and the parties' disputes escalated.

2

13. Zikri made critical errors in rehabilitation of some of the properties and governmental authorities took note, flagging violations on these properties, and curtailing cash flow.

14. As the result of the foregoing, Belle Meade pre-petition and an affiliate entered into litigation with Zig 76, LLC, Zig Miami 651, LLC and Zig Miami 453-455, LLC in State Court.

15. On May 4, 2022, after a joint mediation in the three parallel Florida Circuit Court actions (two involving Debtor and one involving an affiliate (Belle Meade Investors, LLC)), a Settlement Agreement was signed, the material portion of which provided that the 76th Street Property would be returned to Belle Meade, upon the payoff of the existing mortgage. As consideration for the settlement, the sum of $400,000 was to be delivered to Zig 76, LLC at the closing of the return of the 76th Street Property. See Settlement Agreement attached as **Exhibit A** at Section 1 a-b (pg. 2-3). These requirements obviously necessitated a refinancing of the property to be achieved simultaneously with the title transfer and required good faith cooperations of the parties.

16. As provided for in the Settlement Agreement, a deed was executed but held by Zig's counsel "in escrow" which would return the 76th Street Property to Belle Meade. A discharge of Belle Meade's *lis pendens* associated with the state court litigation was also executed in escrow.

17. Belle Meade specifically agreed to accept the return of the 76th Street Property subject only to the 2021 ad valorem property taxes. (Settlement Agreement at ¶ 1h).

18. The Settlement Agreement also provided that Zig 76 would operate in the ordinary course of business until the closing. (Settlement Agreement at ¶ 1k). This contemplated that the rents would not be pre-paid, that the expenses would be paid to closing, and the mortgage, which was interest only, would be a fixed target.

19. The initial closing date was to be June 4th. The Agreement provided Belle Meade could obtain a 30-day extension by providing Notice and paying, at closing, an additional $20,000 payment.

20. Belle Meade provided timely notice of extension.

21. However, the extension was necessitated by Zig 76's and/or its private lender and/or servicer failing, with encouragement from Zikri, to cooperate with the closing title agents in time to comply with the June closing deadline.

22. A new closing was set up for July 5, 2022. As the deadline to close approached, Belle Meade and its title/refi lending agents did not receive adequate cooperation from Zig 76, LLC and Zig 76's counsel, who was out of the country. A closing on Saturday or Sunday that holiday weekend was then not likely. In addition, Belle Meade disputed the redemption amount as it was discovered in the proceedings leading up to the scheduled closing that Zig 76 had failed to pay the 2019 and 2020 ad valorem real property taxes and would not pay same.

23. Given the approaching transfer, Goldsmith, a prior holder of the Mortgage and/or a self-proclaimed "servicer" for assignee, Marvin Simes, added the sums due by Zig 76 for 2019-2020 taxes, plus 10% interest, to the mortgage payoff, even though the Mortgage was then held by another lender (Marvin Simes).

24. Goldsmith/Simes also added some late fees and interest thereon as well.

25. All of these charges were outside the "ordinary course" and properly the expense/debt of Zig 76.

26. On August 25, 2022, this Court entered an Order allowing Belle Meade to assume the executory portion of the Settlement Agreement and a closing was set.

4

27. Thereafter, unable to come to complete terms on the taxes, allocation of costs and the extension fee, the Debtor chose to close the sale under protest and reserved its rights on the financial issues.

28. The Debtor now has successfully secured title to the 76th street, (Biscayne Boulevard) property.

29. The Debtor sent its financial demands for refunds to Zig 76, LLC and they were rejected.

30. The parties engaged in an unsuccessful mediation of the claims on December 14, 2022.

31. Subsequent to the closing, the lender/servicer has refunded to the DIP certain excess interest that was demanded and paid by the DIP as part of the closing.

32. Nevertheless, the Debtor-in-Possession was forced to pay certain charges that were obligations of Zig 76 as follows:

    a.    Unpaid late charges on the Mortgage due to be paid by Zig 76, LLC. $1,746.52.

    b.    Accrued late fees to be paid by Zig 76, LLC. $436.63.

    c.    Principal on the 2019 and 2020 Property tax loan. $37,839.02.

    d.    FPI due to be paid by Zig 76, LLC. $125.44.

    e.    Rothbart Law Group, the lender's accrued fee charges payable by Zig 76 $2,500.00 [Note $1,100 was agreed to be paid by the debtor, but at the last minute before the closing it was increased to $3,600].

33. Additionally, the Debtor was forced to pay $20,000 for the "extension fee" for the failed first closing, which was caused by Zig's lack of cooperation and/or interference with the closing process.

34. The Debtor also incurred unnecessary fees and costs exceeding $25,000 due to the failure of Zig 76, LLC to cooperate in good faith towards a closing, necessitating the Chapter 11

5

filing and proceedings herein.

**COUNT I**
**BREACH OF CONTRACT**
**(SETTLEMENT AGREEMENT)**

The Debtor adopts the foregoing paragraphs 1 to 34 in this Count I.

35. The Contract terms and express and implied obligations of good faith were breached by the Defendant at the time of the attempted June closing, preventing the June 4th closing.

36. The Contract terms and express and implied obligations of good faith were breached by the Defendant at the time of the attempted July closing, preventing the July 5th closing.

37. These breaches resulted in damages incurred in the form of excess payments to close, an extension fee and the fees and costs of the chapter 11 proceedings, the Motion to assume and this adversary.

38. Alternatively, the extension fee was not owed due to the Defendant's failure and refusal to cooperate in the closing or its active interference in obtaining certain necessary documents from the lender with a lien on the property.

39. In breach of the Settlement Agreement, the Defendant refused to pay ordinary and customary charges that it was obligated to pay and refused to agree to a credit to the payment amount due for same.

40. The Contract provides for attorneys' fees to the prevailing party in the event that litigation is necessitated by the other parties breach of the agreement (Settlement Agreement, ¶ 5).

**WHEREFORE,** Plaintiff seeks an award of damages, the costs of this action and an award of fees, where permitted by applicable law.

## COUNT II
## UNJUST ENRICHMENT

Plaintiff realleges the foregoing paragraphs 1 to 34 in this Count II. *(This count is pled in the alternative to the extent that it is determined that any or all of the Debtor's claims are not within the Settlement Agreement or its implied terms).*

41. Debtor conferred a benefit(s) on Zig 76, LLC.

42. Zig 76, LLC has notice and knowledge of the benefit.

43. Under the circumstances, it would be inequitable for Defendant to retain the benefit without compensating Plaintiff for same.

**WHEREFORE,** Plaintiff seeks an award of damages and, the costs of this action and an award of fees, under the wrongful act doctrine.

**I HEREBY CERTIFY** that I am admitted to the bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

I CERTIFY that a true copy of the foregoing was filed via CM/ECF on this 24th day of March, 2023 and served electronically on all parties of record.

/s/ Scott Alan Orth, Esq.
**SCOTT ALAN ORTH, ESQ.**
Florida Bar No. 436313
*Attorney for Debtor/Plaintiff*
LAW OFFICES OF SCOTT ALAN ORTH, P.A.
3860 Sheridan Street, Suite A
Hollywood, FL   33021
305.757.3300 / 305.757.0071 Fax
scott@orthlawoffice.com
service@orthlawoffice.com (primary)
eserviceSAO@gmail.com (secondary)

7

**EXHIBIT A**

IN THE CIRCUIT COURT IN AND FOR THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

BELLE MEADE STUDIOS, LLC, a Florida limited liability company, and RACHEL DUGGER,

    Plaintiffs,

v.

ZIG 76, LLC., a Florida limited liability company, and MIKE ZIKRI,

    Defendants,

Case No.: 19-5383 CA 01

BELLE MEADE INVESTORS, LLC, a Florida limited liability company, and RACHEL DUGGER,

    Plaintiffs,

v.

ZIG 651, LLC., a Florida limited liability company,

    Defendant,

Case No.: 19-5384 CA 01

BELLE MEADE STUDIOS, LLC, a Florida limited liability company, and RACHEL DUGGER,

    Plaintiffs,

v.

ZIG MIAMI 453-455, LLC., a Florida limited liability company,

    Defendant,

Case No.: 19-5387 CA 01



This case was mediated this day with HARRY SCHAFFER, as Mediator, of Esquibel Communications Company and it is stipulated and agreed by the undersigned that they have settled their dispute as hereinafter set forth, hereinafter, referred to as "This Agreement":

WHEREAS, the parties are involved in three lawsuits as captioned above and bearing case numbers of 19-5383-CA-01, 19-5384-CA-01, 19-5387-CA-01; and

WHEREAS, the Parties have agreed that the simultaneous settlement of all three cases is required and that neither case shall be settled without settlement of the other; and

WHEREAS, BELLE MEADE STUDIOS, LLC, BELLE MEADE INVESTORS, LLC and RACHEL DUGGER are Plaintiffs in the above three cases and ZIG 76, LLC, ZIG 453-455 LLC and ZIG MIAMI 651, LLC and Mike Zikri are Defendants in the above three cases, collectively, the "Parties". The Parties are signatories to certain respective deeds and Profit Sharing Agreements for each of the three properties and the Parties wish to resolve all disputes that were raised or could have been raised in the above captioned litigations.

NOW, THEREFORE, THE PARTIES AGREE THAT

1. Payment and transfer of title.
    a. Within 3 business days of This Agreement, Defendants shall execute and deliver to the Escrow Agent a new statutory warranty deed and bill of sale for the property and improvements at 615 NE 76th Street, Miami, Florida, (as described in the Deed recorded 05-31-2017 at OR Book 30552 PG 2751)(the "76th Street Property") transferring the 76th Street Property and Improvements and equipment located therein back to Belle Meade Studios, LLC ("Escrow Deed"); The Escrow Agent shall be Matthew J. Militzok, Esquire.

    b. On account of the global settlements, Plaintiffs shall pay in good funds the sum of Four Hundred Thousand Dollars ($ 400,000) ("Initial Payment Amount") to the Escrow Agent and deliver



documents releasing Zikri and Zig 76, LLC from the existing Mortgage thereon.("Mortgage Release") within thirty (30) calendar days of This Agreement.

c. Plaintiffs shall have the option to extend the period of time to make the payment and achieve the Mortgage Release for an additional thirty (30) days, upon written notice, delivered prior the expiration of the initial thirty (30) day period to make the Initial Payment, and upon exercising such option, shall be obligated to pay a total of $420,000 to the Escrow Agent ("Extended Payment Amount")and deliver the Mortgage Release.

d. Upon performance of This Agreement by the Plaintiffs, as provided herein, the Deed dated May 26, 2017, (to the property and improvements at 615 NE 76th Street, Miami, Florida, recorded 05-31-2017 at O.R. Book 30552 PG 2751)(the "76th Street Property") for the 76th Street Property shall be cancelled or, in the election of the parties working cooperatively, the Escrow Deed and Bill of Sale shall be released from Escrow and recorded by the Escrow Agent at Defendants sole cost and expense. Being that the return of the Property is pursuant to this Mediated Settlement Agreement and in light of the claims of the Plaintiffs made in the litigation, that to the extent acceptable to the regulating authorities, no consideration shall be affixed to the Warranty Deed and the Defendants shall pay minimum documentary stamp taxes to the County. Plaintiffs shall cooperate with effectuating the transfer in this manner. In the event that any audit or reconsideration is undertaken and the stamps and intangible taxes are later required or demanded, Defendants shall reimburse Plaintiffs for all costs thereof.

e. If within sixty (60) days of this Agreement, Plaintiffs fail to pay the Initial Payment or the Extended Payment together with the Mortgage Release required under this paragraph 1, ZIG 76, LLC



shall have the right to pay the Plaintiffs $ 400,000 within ninety (90) days of This Agreement, or $ 420,000 within one hundred and twenty days (120) days of this Agreement and upon payment, Plaintiffs shall be deemed to have waived any right, title and/or interest in the 76th Street Property and released Defendant from any and all obligations under the Profit Sharing Agreement, whereupon the Escrow Deed and Bill of Sale shall be returned to Defendants.

f.  Should Defendants fail to pay either the sums required under 1e or 1f above on a timely basis then the Property shall be sold by the Defendants and the Plaintiffs shall receive 50% of the net proceeds after repayment of the existing mortgage (principal balance of $ 1,000,000), as well as realtor commissions and customary closing costs.

g.  Plaintiffs shall, within three (3) business days of execution of this Agreement, issue a release of the *lis pendens* on the Property to be held in escrow by their attorney, Scott Orth, Esq. and which shall be released to the Defendants upon the receipt of payment of $ 400,000 or $ 420,000.00 from the Defendant pursuant to paragraph 1e above.

h.  Plaintiffs agree to pay and be otherwise responsible for the 2021 real property taxes for the 76th Street Property.

i.  Defendant is not transferring the security deposits of the tenants of the subject Property and the Plaintiff is assuming the obligation to repay any security deposit to any respective tenant as required by contract or law.

j.  Defendant agrees to execute an assignment of leases in favor of the Plaintiff(s) with respect to the 76th Street Property. Defendant has not accepted and will not accept any advance rent beyond any current month.

k.  Defendants shall continue to operate 76th Street Property in the

ordinary course of business including the collection or regular rents and payment of the Mortgage.

l. To the date of the transfer of title of the 76th Street Property to Plaintiffs, Defendants shall operate the property in a commercially reasonable manner and shall pay either at transfer or on demand thereafter to the date of transfer any and all charges, fees, utilities, repairs, insurance, mortgage payments and the like and if the transfer is made in the middle of any month or cycle, the amounts shall be prorated and settled upon presentment. Any overpayment or refund shall be likewise allocated on an equitable and prorated basis.

m. Plaintiffs will assume both violations contained in City of Miami Case No. BD20-18024280 (see attached hereto as Exhibit "A") provided that Plaintiffs are receiving title and such violations are not for the work of the Defendants or their agents (excluding the Tenants). If such violation is due to the activity of the Defendants, then Defendants shall resolve or pay to resolve said violations. In any and all events Plaintiff and Defendants shall cooperate with any and all applications or other processes to resolve same.

2. Property at 453-455 NE 63rd Street.
   a. With respect to the Property located at 453-455 NE 63rd Street, Miami, Florida, currently owned by ZIG MIAMI 453-455, LLC, the Plaintiffs BELLE MEADE INVESTORS, LLC, and RACHEL DUGGER, hereby disclaim and waive any and all right, title or interest in the subject property to the Defendant, ZIG MIAMI 453-455, LLC and waives any and all rights under that certain Profit Sharing Agreement, as amended, and releases said Defendant(s) and ZIG PORTMANN INVESTMENTS, LLC as to all claims brought, or that could have been brought in this matter.
   b. Plaintiffs agree, within three (3) business days of this Agreement to issue and e-file in the court docket, a release of the *lis pendens* filed in case number 19-5387 CA 01. The Defendants may record the release of *lis pendens* as provided by Plaintiffs in the Public Records

      of Miami-Dade County, Florida at their own cost and expense.

    c. Defendant, ZIG MIAMI 453-455, LLC agrees to give the Plaintiff BELLE MEADE STUDIOS, LLC, a right of first refusal to match any *bona fide non-insider* offer received to purchase the subject Property. Plaintiff shall have two business days to elect to match such *bona fide* offer on identical terms, except that the purchase price shall be increased by One Dollar ($1.00), the deposit shall be $ 75,000.00, and the closing date shall be sixty (60) days from the date Plaintiff exercised the right of first refusal which shall be accomplished by furnishing Defendant with a fully executed FarBar "As-Is" Residential Purchase and Sale Agreement reflecting such terms. The $ 75,000 deposit shall be due within two business days after providing the signed contract and shall be non-refundable, except in the event of a breach or failure of the Defendant to deliver title in no worse condition than it exists this date, with all mortgage payments made to closing. The escrow deposit shall be wired to the Trust Account of counsel for the Defendant, Matthew J. Militzok. Time shall be of the essence with respect to all dates in this sub-paragraph.

3. With respect to the Property located at 651 NE 75th Street, Miami, Florida, currently owned by ZIG 651, LLC, the Plaintiffs BELLE MEADE STUDIOS, LLC, and RACHEL DUGGER, hereby disclaim and waive any and all right, title or interest in the subject property to the Defendant, ZIG 651, LLC and waives any and all rights under that certain Profit Sharing Agreement, as amended, and releases said Defendant and ANGELICA SIKAR as to all claims brought, or that could have been brought in this matter.

    a. Plaintiffs agree, within three (3) business days of this Agreement to issue and e-file in the court docket, a release of the *lis pendens* filed in case number 19-5384 CA 01. The Defendants may record the release of *lis pendens* as provided by Plaintiffs in the Public Records of Miami-Dade County, Florida at their own cost and expense.

4. DISMISSAL OF PENDING LITIGATION: Within three (3) business days,

the pending litigation in all three cases shall be dismissed with prejudice with the Court retaining jurisdiction to enforce this Agreement.

5. ATTORNEY FEES and EXPENSES: The parties shall pay their own costs and attorney fees, except any party who is required to enforce the terms of this Agreement in Court shall be entitled to its reasonable costs and attorneys' fees should such party prevail in such motion.

6. COST OF MEDIATION: The cost of mediation shall be divided equally by counsel for the Plaintiffs and Defendants.

7. Cooperation. The Parties and their Officers, directors members and managers shall cooperate and shall execute any and all documents on a timely basis required by any governmental agency, mortgagee, lender, title company or buyer to achieve the purposes, results and transactions contemplated under This Agreement.

8. MUTUAL RELEASES: Upon the performance by the parties of their obligations hereunder, the parties and their successors and assigns do hereby mutually remise, release, acquit, satisfy, and forever discharge each other of and from all manner of action and actions, cause and causes of action, suits, debts, dues, sums of agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, which they ever had, now have, or hereafter can, shall or may have, against any other, for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to this day, including but not limited to any and all claims asserted or which could have been asserted in any pending litigation between the parties.

9. INDEMNITY. Defendants shall defend and indemnify Plaintiffs from any and all claims or demands by any entity owned or controlled by Mike Zikri, Zig Portmann Investments, LLC, Nava Sikar, the City of Miami, utility providers, any invitee, any tenant, any contractor, sub-contractor, architect engineer, materialmen, with respect to any claim made against Plaintiffs or any of them or Robert Dugger, being incurred or accrued after the date of the initial



transfers of the subject properties to Defendants. Plaintiffs shall defend and indemnify Defendants for any and all claims made after the delivery of the Escrow deed for the 76th Street Property to Plaintiffs. All indemnities shall include attorney's fees extended or incurred by the party entitled to indemnity hereunder.

10. CONFIDENTIALITY/ NON-DISCLOSURE/ NON-DISPARAGEMENT: The parties and counsel each acknowledge and agree that they shall maintain the terms and conditions of The Agreement in strict confidence and they shall not disclose the terms of the settlement, to any third party (including tenants) except as may be required by law, by court order, to enforce the terms of The Agreement, or as may be reasonably necessary for tax and financial planning purposes. The parties further agree that they shall not disparage one another including each party's officers, employees, directors, shareholders, partners, and managers to any third party.

11. ENTIRE AGREEMENT: The Agreement contains the entire agreement and terms of settlement regarding this dispute. Any and all prior negotiations and agreements that are not contained in The Agreement are superseded and of no force and effect. Each party represents and warrants that [1] all promises and inducement to agree to and execute The Agreement are contained herein; [2] they have read The Agreement before signing it and reviewed it with their attorney; [3] they are of sound mind and not impaired by the use of any drugs, prescription medication, or alcohol; and [4] they are under no duress or physical threat to induce or require their execution of The Agreement.

12. COUNTERPARTS and SIGNATURES: This agreement may be signed in multiple counterparts and a facsimile; electronic or scanned signature shall have the same effect as an original.

13. PARTICIPATION in DRAFTING AGREEMENT: All parties and counsel agree that they shall be deemed to have participated equally in the drafting and preparation of The Agreement. This participation shall not be construed for or against any party. All parties and counsel agree and acknowledge that the Mediator shall not be deemed to be the author or scrivener of The

Agreement and that the parties hereby release the Mediator from any and all liability incident to the drafting of The Agreement whether by acts of commission or omission.

14. DISPUTES. Any dispute arising under This Agreement shall be first mediated with Harry Schafer or an agreed or court appointed mediator, prior to any motion or other pleading.

*Signatures on following page.*



| PLAINTIFFS | DEFENDANTS |
|---|---|
| *Rachel Dugger* <br> BELLE MEADE STUDIOS, LLC | *[signature]* <br> ZIG 76, LLC  BY: MIKE ZIKRI |
| *Rachel Dugger* <br> BELLE MEADE INVESTORS, LLC | *[signature]* <br> ZIG 651, LLC  BY: MIKE ZIKRI |
| *Rachel Dugger* <br> RACHEL DUGGER | *[signature]* <br> ZIG MIAMI 453-455, LLC BY: MIKE ZIKRI |
| *Rachel Dugger* <br>  | *[signature]* <br> MIKE ZIKRI |
| *[signature]* <br> SCOTT ORTH, ESQ. | *[signature]* <br> MATTHEW MILITZOK, ESQ. |
| DATE: 5/4/2022 | DATE: 5/4/2022 |

EXHIBIT "A"

**Building** | Zoning Verification Letters

Start Application ▼ | Manage Application ▼ | Manage Permit ▼ | Inspections ▼ | Payments ▼
Help ▼ | | | ProjectDox | ? Customer Help

**Review Results: BD17-004033-001  (615 NE 76 ST)**

General | Plan History | Review Status | Result/Remarks | Work Items | AOR/EOR | Contacts
Contractors | P&Z | Shop Drawings | Fees | Events

| | | | |
|---|---|---|---|
| Process Number: (Master Plan) | BD17-004033-001 | Plan Status: | Final |
| | | Status Reason: | Master permit is final |
| Job Category: | 40 YEAR AND OLDER | Application ...ation | Mar/21/2017 |
| | | ...ion | Mar/21/2017 |
| | | Plan Acceptance Date: | Mar/22/2017 |
| Sheets: | | | |
| Threshold: | No | Initial Approved Date: | Apr/20/2017 |
| Required Permits: | RC | | |
| Required Disciplines: | 40E, 40S, 40US | Interior Remodeling: | No |
| Required Certificate: | N/A | Exterior Remodeling: | No |
| Shell Only: | No | Permit By Affidavit: | No |
| Easy Permit: | No | Private Provider: | No |
| Electronic Plan: | No | Legalization Required: | No |
| Number of Fire Alarms: | | Number of Fire Sprinklers: | |
| City Project: | | | |
| Job Address: | 615 NE 76 ST | Property Type: | Commercial |
| Legal Address: | 615 NE 76 ST | FEMA Flood Zone: | AE |
| Folio Number: | 0132070180160 | FEMA Elevation: | 9 |
| Building Name: | N/A | Development Name: | N/A |
| Building Number: | N/A | Property Additional Info: | N/A |
| Net Area: | UPPER EASTSIDE | | |
| Lot Size: | N/A | Vacant Lot: | No |

**Building Folio Violations**

| Case # | Address | Folio | Violation | Source | Date |
|---|---|---|---|---|---|
| | | | Working without a permit, | | |

iBuild Miami — Search by Address, Pro... — Hi mike

http://apps.miamigov.com/iBuildPortal/PlanReview/ReviewResult/ReviewResult/BD17004033001?title=Inquire%20Pla...    5/4/22, 9:2...

| Case # | Address | Folio | Division | Source | Date |
|---|---|---|---|---|---|
| BB2018024280 | 7601 BISCAYNE BLVD | 0132070180160 | building, roofing, mechanical, electrical, or ___ing. ___gs or Structures that are Unsafe, | CityView | Nov/21/2018 |
| BB2018024280 | 7601 BISCAYNE BLVD | 0132070180160 | Unsanitary, or Deficient, Constitute a Fire or Windstorm Hazard or are Otherwise | CityView | Nov/21/2018 |

### Other Folio Violations

| Case # | Address | Folio | Division | Violation | Source | Date |
|---|---|---|---|---|---|---|
| No violations to display. | | | | | | |

COPYRIGHT © 2022 CITY OF MIAMI  Best used with Internet Explorer 11 - Download | Download
Acrobat Reader   User Working Online  v.3.2022.408.1
Privacy Policy | Contact Us | Fee Guide

